Cartter, Ch. J.,
delivered the opinion of the court orally, to the following effect:
This is a bill of review seeking to reverse the decree in equity suit number 3877 for errors apparent on the face of the record. The object of the bill in that cause was to set aside certain conveyances of real estate alleged to have been made in fraud of creditors. The conveyances were chiefly made by William Schlorb to a trustee for the use and beuefit •of his wife. Whether there was error in the decrees depends upon the validity of these settlements. We are convinced from the record in said equity suit that the gift of the real •estate, in 1858, was made during marriage, and that Mr. Schlorb was then engaged in a prosperous business; that he was in good credit and perfectly solvent, and that he was not indebted in any sum or sums to any one. It is furthermore apparent that the first of these conveyances for the use of his wife was made at least eight years, and the second six *387 years, and the third thirty days or two months before he had any business .transactions with Clark, or any debts were created between them. After the lapse of all that time the dealings between these parties commenced, and in the space of two years they amounted, in the aggregate, to nearly §>100,000. This had all been settled and paid for with the exception of' the indebtedness for which the judgment was recovered; and we cannot doubt that that amount would have been paid had Mr. Schlorb not died. There is not a suspicion of fraud to be derived from these circumstances, and, indeed, they repel ■ any such inference. With regard to the antecedent conveyances, Clark was a subsequent creditor, and the law will not presume them to have been made for the purpose of defrauding him. Fraud is a fa/ct in such a ease to be established by proof, and not by presumption. Any intention of the kind is denied in the answers filed in and responsive to the bill in the • equity cause, and we will not presume what the record fails to establish it. It is, however, possible that the business credit Mr. Schlorb received from Clark might have been inspired by the apparent ownership of the property acquired during the period or about the time during which these dealings were conducted. We have, therefore, come to the conclusion to affirm the first decree of February 17,1875, ordering the sale of lots 1 aud 3 and half of lot 7, and to review and reverse the decree of June 18,1875, which decrees the sale of the property which had been acquired by said Schlorb previously to any dealings with Clark. The decree is, therefore, reversed, the demurrer overruled, and the proceedings hereafter will be controlled by these views.
It was objected to this bill that it was filed after the period for relief had expired. It was contended that a bill of review ought to be filed within the time for taking an appeal from the special to the general term. Our practice has allowed a longer period than that prescribed for taking an appeal. For the purpose, however, of settling the practice on this subject, we have entered a general rule that a bill of review rnay be filed at any time within two years from the date of the de *388 cree sought to be reviewed. The practice will, therefore, be regulated hereafter by an established rule of court.